IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE HOOD, | § | |
| CID #241383, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | NO. 3:03-CV-2167-K |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case

has been referred to the United States Magistrate Judge. The findings, conclusions, and

recommendation of the Magistrate Judge follow:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under

28 U.S.C. § 2254.

**B. Parties:** Petitioner Robert Lee Hood is an inmate currently incarcerated in the Texas

Department of Criminal Justice, Correctional Institutions Division. Respondent Douglas Dretke is

the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Procedural History:** On July 12, 2001, Hood, without a punishment recommendation

from the State, pleaded guilty to robbery and true to two enhancement paragraphs. (10 State Habeas

R. at 93, 98.) The trial court assessed punishment at 25 years' confinement. (*Id.* at 93.) The Fifth

District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal

Appeals refused Hood's pro se petition for discretionary review. *Hood v. State*, No. 5-01-1151-CR,

2002 WL 1263919 (Tex. App.—Dallas June 7, 2002, pet. ref'd) (not designated for publication).

Hood filed a state application for writ of habeas corpus challenging his conviction, which the Texas

Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte*

*Hood*, No. 4,925-10[1] (Tex. Crim. App. Aug. 27, 2003) (not designated for publication). Hood filed

his federal petition for writ of habeas corpus in the United States District Court for the Northern

District of Texas, Dallas Division, on September 24, 2003. *See* RULES GOVERNING SECTION 2254

CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing

system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison

mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

 **D. Issues:** Hood argues that

  1. his guilty plea was involuntary because counsel erroneously told him he would be eligible for probation;

  2. he was denied a hearing on his motion for new trial;

  3. the indictment was fundamentally defective, which deprived the trial court of jurisdiction over his case;

  4. he was denied an examining trial;

  5. the trial court failed to properly admonish him; and

  6. appellate counsel was constitutionally ineffective.

 **E. Exhaustion:** Dretke argues that Hood's fourth claim that he was denied an examining

trial has not been exhausted and asserts that it has been procedurally defaulted. However, Dretke

believes that Hood's remaining allegations have been properly exhausted.

---

[1]Hood's nine previous collateral attacks in the Court of Criminal Appeals were either attacks on prior convictions or were mandamus motions.

## II. EXHAUSTION

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 169 F.3d at 302.  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Hood did not raise in his petition for discretionary review or his state habeas corpus application his claim that he was denied an examining trial.  Thus, he seeks federal habeas relief on factual allegations that were never made in the Texas courts, which renders this claim unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001).

However, Hood cannot return to the Texas courts to cure this deficiency.  The Texas abuse-of-the-writ doctrine prohibits a successive habeas application, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas application. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995).  This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998).  Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's

3

failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Hood has not given any explanation to excuse his default. Indeed, any action by the trial court regarding his guilty plea and sentencing were known to Hood before he filed his petition for discretionary review and state habeas corpus application. *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Accordingly, this claim is procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (holding involuntary-guilty-plea claim based on insufficient information, as opposed to involuntariness based on coercion by government agent, procedurally barred because raised for the first time on federal habeas corpus review).

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established

4

precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Holland v. Jackson*, 124 S. Ct. 2736, 2738-39 (2004); *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## IV. INVOLUNTARY GUILTY PLEA

Hood argues that his guilty plea was involuntary because trial counsel told him that he would be eligible for probation. (Federal Pet. at 7; Pet'r Mem. at 2.) Because Hood pleaded guilty, he may only challenge the voluntary character of his guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A voluntary guilty plea waives all non-jurisdictional defects occurring before the guilty plea. *United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63,

75 (1977)).  Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges.  *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666.  A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt."  *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).  If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered.  *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam), *cert. denied*, 517 U.S. 1198 (1996).  Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

The record reflects that Hood (1) was pleading guilty freely and voluntarily, (2) was aware of the applicable punishment ranges, (3) had not been promised anything in return for his guilty pleas and had not been coerced, (4) was mentally competent, (5) understood the plea admonishments, and (6) was aware of the consequences of his pleas.  (10 State Habeas R. at 98-99; 6/26/2001 R.R. at 3-5.)  Hood has offered nothing more than his self-serving allegations that his plea was involuntary, which is insufficient to rebut the presumption of regularity of the state court records.  *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S.D. Tex. 1999); *see also Armstead*, 37 F.3d at 210.  Hood's attacks on his guilty pleas do not undermine the sufficiency of the information he was provided before he pleaded guilty.  *Ables*, 73 F.3d at 592 n.2.

6

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Hood asserts that trial counsel was ineffective before he pleaded guilty because she told Hood that he would get probation, but never moved for a probated sentence.  Because Hood pleaded guilty, he may only challenge the voluntary character of his guilty pleas in raising an ineffective-assistance-of-counsel claim.  *Hill*, 474 U.S. at 56-57; *Smith*, 711 F.2d at 682.  As discussed above, Hood has failed to show that his plea was involuntary.  Thus, he has failed to overcome the presumption that he was properly admonished and that his plea was voluntary.  Hood's guilty plea waived his ineffective-assistance-of-counsel claims occurring before he pleaded guilty.  *Beasley v. McCotter*, 798 F.2d 116, 118 & n.1 (5th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 1039 (1987); *see also Tollet v. Henderson*, 411 U.S. 258, 267 (1973) (stating guilty plea waives all nonjurisdictional defects occurring before  entry of plea); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000) (noting long-standing rule that valid guilty plea bars habeas review of nonjurisdictional claims alleging antecedent violations of constitutional rights).  Further, the trial court made factual findings based upon trial  counsel's affidavit and concluded that counsel was not ineffective.[2]  (10 State  Habeas R. at 78, 80, 83.)  Hood has not overcome the

---

[2]Counsel stated in her affidavit that Hood was eligible for probation, but did not receive it because the trial court did not believe he was truthful:

> I went over all of the options for Mr. Hood regarding the plea bargain, open plea, trial before the court, and trial by jury.  Mr. Hood was very upset that the [S]tate was not offering probation.  I explained the only way he could get probation was to go open to the Judge in an open plea.  I emphasized that due to his extensive criminal history the Judge would probably not give him probation. . . .  The Judge could legally give [Hood] deferred adjudication so long as [he] pled guilty.  If the defendant had a trial and was found guilty, then if the paragraphs were proven true, the Judge could not give probation.
>
> We spoke for quite a while, and [Hood] decided to reject the offer and said that he wanted a jury trial. . . .  Judge Dean did speak with [Hood] about his options.  The Judge knew about [Hood]'s criminal history and did say that he would consider deferred adjudication with drug treatment.  Based on speaking with the Judge, [Hood] decided to go

presumption of correctness, which applies to these factual findings, with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## VI. MOTION FOR NEW TRIAL

Hood argues that he was denied a hearing on his motion for new trial.  (Federal Pet. at 7; Pet'r Mem. at 2-3.)  This claim merely attacks a defect in state procedures and fails to raise a federal Constitutional issue cognizable on federal habeas corpus review.  *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998).  Further, the state habeas courts held that the motion was not sufficient to trigger the hearing requirement.  (10 State Habeas R. at 79.)  A federal court in a habeas review of a state court conviction cannot review state rulings on state law that do not present a federal Constitutional question.  *Gibbs v. Johnson*, 154 F.3d 253, 259 (5th Cir. 1998), *cert. denied*, 526 U.S. 1089 (1999).  Hood has failed to establish he is entitled to habeas corpus relief in light of the state courts' determinations.  28 U.S.C. § 2254(d)-(e)(1).

## VII. DEFECTIVE INDICTMENT

Hood asserts that the indictment was fundamentally defective because it failed to adequately describe the property stolen; thus, the trial court was deprived of jurisdiction.  (Federal Pet. at 7-8; Pet'r Mem. at 3.)  In habeas actions, federal courts do not sit to review mere errors under state law.  *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991).  At its core,

---

open to him.  I did not think he should go open to the Judge.  I even told [Hood] that.  However, [Hood] said he trusted Judge Dean.

. . . .

I did speak to the Judge about the [subsequent 25-year] sentence.  He said that he thought [Hood] was not truthful and did not take responsibility for the offense.  He said that he did not want to put someone who was less than truthful on probation.

(10 State Habeas R. at 83.)

Hood's claim only raises a question regarding Texas law. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *cf. Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (holding passing reference to Constitution does not exhaust constitutional claim). Thus, because the indictment was sufficient under Texas law to confer jurisdiction on the trial court,[3] Hood's indictment complaint provides no basis for federal habeas corpus relief. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994); *McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994); *Yohey*, 985 F.2d at 229.

## VIII. ADMONISHMENTS

Hood argues that the trial court failed to properly admonish him. (Federal Pet. at 8A.) As discussed above, Hood has failed to show that his plea was involuntary. Thus, he has failed to overcome the presumption that he was properly admonished and that his pleas were voluntary, which waives this pre-plea claim.

## IX. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Hood argues that appellate counsel was ineffective because he did not raise nonfrivolous points as requested by Hood. (Federal Pet. at 8A.)   The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance,

---

[3] Failure to describe the property taken during a robbery is not fundamental error depriving a trial court of jurisdiction. *Franklin v. State*, 607 S.W.2d 574, 576 (Tex. Crim. App. 1980); *Ashford v. State*, 630 S.W.2d 705, 706 (Tex. App.—Houston [1st Dist.] 1981, no pet.).

the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

Claims of ineffective assistance of appellate counsel must likewise meet the strict *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To establish deficient performance, Hood must show that counsel unreasonably failed to discover and raise nonfrivolous issues. *Id.* To establish prejudice, Hood must demonstrate that, but for counsel's error, he would have prevailed on appeal. *Id.*

Hooks raised his ineffective-assistance-of-appellate-counsel claim during state collateral review proceedings, and it was rejected by the state habeas courts. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

Appellate counsel filed a brief with the appellate court stating that there were no arguable points that could be raised. Hood filed a pro se brief asserting that he was improperly admonished because he was not told he was ineligible for probation and because the trial court did not inquire into any plea bargain before accepting his plea. The court of appeals overruled these points and agreed with appellate counsel that nothing in the record supported the appeal. *Hood*, 2002 WL 1263919, at *2-3. Hood was able to raise the points he wanted, yet his conviction was affirmed; thus, he cannot show he was prejudiced. Further, Hood has failed to overcome the statutory presumptions in favor of the state habeas courts' findings and conclusion that appellate counsel was

not ineffective.  (10 State Habeas R. at 79-80.)  28 U.S.C. § 2254(d)-(e)(1).

## X. SUMMARY

Hood is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination that Hood was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## XI.  EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.  RULES GOVERNING SECTION 2254 CASES 8(a).

## XII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

SIGNED May 26, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## <u>AND NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties. Under 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file such written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12